OPINION
Defendant-appellant, Kenneth Joe Clifton, appeals his convictions in the Clermont County Court of Common Pleas for burglary and criminal damaging. For the reasons that follow, we affirm the judgment of the trial court.
Appellant was indicted on one count of burglary, one count of theft, and one count of vandalism. Appellant filed a motion requesting a separate trial for the vandalism charge, which allegedly had occurred on a different date than the burglary and theft. The trial court granted appellant's motion. A jury trial was held on appellant's burglary and theft charges. At the end of the presentation of the evidence, appellant argued that the theft charge should be dismissed in accordance with Crim.R. 29. Appellant's motion was granted. The jury found appellant guilty of burglary, a violation of R.C. 2911.12(A)(3).
Subsequently, the vandalism charge was reduced to a criminal damaging charge. Appellant pled guilty to the charge of criminal damaging. Appellant was sentenced to concurrent sentences of five years in prison for the burglary charge and ninety days in jail for the criminal damaging charge. Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO SERVE A MAXIMUM PRISON TERM OF FIVE YEARS FOR THE COMMISSION OF A THIRD-DEGREE FELONY.
An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1); State v. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere `preponderance of the evidence,'" it does not rise to the level of "evidence `beyond a reasonable doubt.'" Id.
In this case, appellant was convicted of burglary in violation of R.C.2911.12(A)(3), a felony of the third degree. For a third degree felony, a trial court may impose a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to the maximum term of five years.[1]
A trial court may impose the maximum term of imprisonment upon an offender only if it finds on the record that the offender "committed the worst form of the offense," "pose[s] the greatest likelihood of committing future crimes," is a major drug offender subject to R.C.2929.14(D)(3), or is a repeat violent offender subject to R.C.2929.14(D)(2). R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. State v. Beard
(Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported, at 5-6.
The record that an appellate court considers when reviewing the imposition of a sentence includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1)-(3). The sentence imposed upon the offender should be in accordance with the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).
In this case, the trial court found that appellant posed the greatest likelihood of recidivism. R.C. 2929.12(D) states the following:
The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has [*23] a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense. (Emphasis added.)
The trial court noted that appellant had committed the burglary while he was on post-release control. The trial court reviewed appellant's criminal record and remarked, "In terms of your record, there's a long history of adjudications of delinquency and criminal convictions. Frankly, for being 24 years old, this is one of the longest records I've seen." Moreover, the trial court noted that appellant had not responded favorably to sanctions previously imposed for criminal convictions, acknowledging that appellant was a "career criminal at this point."
The trial court also found that appellant had demonstrated a pattern of drug abuse that had frequently resulted in appellant offending by committing the crimes of burglary, theft, and breaking and entering. When appellant was given the opportunity to speak at the sentencing hearing, he admitted that he suffered from drug abuse and asked the court for help. On appeal, appellant argues that the trial court improperly found that appellant had refused to acknowledge that he has a drug abuse problem or that he had refused treatment.
It is true that the trial court conceded that "technically [appellant] hasn't refused treatment." However, the trial court found that appellant had received treatment from a multitude of facilities and that, after each treatment, he began using drugs and committing crimes again. When considering whether an offender is likely to commit future crimes, a court may consider the factors specifically enumerated by R.C. 2929.12(D) as well as "any other relevant factors." See R.C. 2929.12(D). We find that appellant's repetitive behavior of continuing to commit crimes after receiving rehabilitative treatment was properly cited by the trial court in support of its finding that appellant posed the greatest likelihood of committing future offenses.
Finally, the trial court found that appellant lacked any genuine remorse. When appellant was given the opportunity to speak to the trial court at sentencing, he did not apologize for what he had done and did not acknowledge the victim's suffering in any way. Instead, appellant stated that he suffered from drug abuse and asked for treatment. The trial court later commented:
 And I understand that Mr. Clifton took the position that he didn't do this. I understand it's difficult when you've taken that position at trial to change your position when you're sentenced, but by the same token the failure to acknowledge responsibility for your offense, the failure to express any degree of concern for what happened to the victim, indicates a lack of any genuine remorse. Goes beyond a lack of remorse; it indicates a lack of assuming responsibility[.]
Appellant argues that this language shows that the trial court believed that appellant could not show genuine remorse after asserting his innocence at the jury trial. Appellant insists that the trial court's harsh sentence punished appellant for invoking his constitutional right to a jury trial. Despite appellant's assertion to the contrary, we find that the trial court did not punish appellant for bringing his case to a jury. Instead, we find that the trial court was noting that appellant had failed to show any remorse and had not taken any responsibility for his actions at the sentencing hearing.
The trial court found several factors indicating that appellant posed the greatest likelihood of committing future crimes and therefore should be sentenced to the maximum term permitted for his crime. We find that the trial court's decision to sentence appellant to the maximum term for his burglary offense is sufficiently supported by the record and is not contrary to law. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] As appellant does not assert that his sentence for criminal damaging was inappropriate, we will not engage in a review of that sentence.